UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DELGIS NUNEZ-PERALTA and
PAULETTE CHALAS-SANZ,                                           **FIRST AMENDED**
                                                                                                           **COMPLAINT**

                           Plaintiffs,

                          -against-                                                14 CV 5270 (RRM) (VMS)

THE CITY OF NEW YORK,
POLICE OFFICER CHRISTY HARRIS (TAX 951807),
POLICE OFFICER DWAYNE HARRIS (TAX 949660),          **JURY TRIAL**
and JOHN DOES 1-6,                                                         **DEMANDED**

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiffs, Delgis Nunez-Peralta and Paulette Chalas-Sanz, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Delgis Nunez-Peralta was an adult male resident of Kings County, within the State of New York.

        2.     At all times hereinafter mentioned, plaintiff Paulette Chalas-Sanz was an adult Female resident of Kings County, within the State of New York.

        3.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, Police Officer Christy Harris (Tax 951807) is an individual employed by the City of New York as members of the NYPD. Defendant Harris is sued herein in her official and individual capacities.

5. At all relevant times hereinafter mentioned, Police Officer Dwayne Harris (Tax 949660) is an individual employed by the City of New York as members of the NYPD. Defendant Harris is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, the Doe defendants were individuals employed by the City of New York as members of the NYPD whose identities are currently unknown to the plaintiffs. The Doe defendants are sued herein in their official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York and the plaintiffs reside.

9. That plaintiffs timely served Notices of Claims on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

10. At least thirty days have elapsed since service of plaintiffs' Notices of Claims and adjustment and payment thereof has been neglected or refused.

11. That the within action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

## RELEVANT FACTS

12. On October 22, 2013 (the "date of the arrest"), at about 2:00 a.m., plaintiffs were lawfully present outside of a club located at 1472 Ogden Avenue, County of Bronx, State of New York (the "scene of the arrest").

13. Plaintiffs had just been inside of the club, and requested re-entry into the club to retrieve some personal property they had left inside.

14. Without any legal justification or excuse, employees of the club would not allow the plaintiffs to re-enter to get their belongings.

15. In response to this refusal, the plaintiffs dialed 911 and asked for police assistance in retrieving their property from inside of the club, which included a camera.

16. At or about this time, the individual defendants arrived on duty and in NYPD vehicles.

17. Defendants Christy Harris and Dwayne Harris were working together and were partners at the time of the incident.

18. Plaintiffs were not engaged in any suspicious or illegal activity.

19. Despite the absence of any evidence of wrong doing on the part of the plaintiffs, the defendants approached and detained the plaintiffs.

20. Although there was no legal basis to stop, detain, or seize the plaintiffs, the defendants placed both plaintiffs in handcuffs.

21. The defendants applied the handcuffs to plaintiffs excessively tightly.

22. Plaintiffs complained multiple times to the defendants about the tightness of the handcuffs and informed the defendants that the cuffs were causing them pain.

23. Despite the absence of any evidence of wrongdoing on the part of the plaintiffs, the defendants formally arrested the plaintiffs.

24. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

25. Defendants then took plaintiffs to the 44th precinct of the NYPD in Bronx County, where both plaintiffs were illegally searched, and were held for several hours pursuant to false allegations made by the defendants.

26. The search of plaintiffs revealed no evidence of any drugs, contraband, or other illegal substances.

27. Plaintiffs were issued a summons without any legal justification by defendant Christy Harris.

28. Plaintiffs were released from custody both with future court dates.

29. Each plaintiff was forced to make several court appearances pursuant to the false allegations and baseless summons issued by defendant Christy Harris before the charges against them were dismissed.

30. At no time did there exist any basis to utilize any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

31. At no time prior to or during the encounter was there probable cause to arrest plaintiffs.

32. At no time did any defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiffs.

33. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

34. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

35. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

36. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

37. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

38. By so doing, the individual defendants, individually and collectively, subjected plaintiffs to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

40. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

41. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

42. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

43. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of

the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

44. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

45. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d. Retaliating against officers who report police misconduct; and

e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

46. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

    d.    *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e.    *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

    h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

    47.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and

strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

48. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

49. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

50. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

51. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

52. Plaintiffs were subjected to false arrest and false imprisonment.

53. At no time did defendants have any legal basis for arresting plaintiffs or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

54. The defendants, including the City of New York, are therefore liable under New York law to plaintiffs for false arrest and false imprisonment.

55. By reason thereof, defendants have caused plaintiffs to suffer loss of liberty, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

   i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

   ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

   iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

   iv. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

   v. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

   vi. On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

   vii. Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

      viii.    such other relief as the Court deems just and proper.


Dated: Brooklyn, New York
       March 10, 2015


                            By:      /s/
                                      Jessica Massimi (JM-2920)
                                      Reibman & Weiner
                                      Attorneys for Plaintiffs
                                      26 Court Street, Suite 1808
                                      Brooklyn, New York 11242
                                      718-522-1743